UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FIORDALIZA RODRIGUEZ,

              Plaintiff,

-against-

FINANCIAL RECOVERY SERVICES, INC.

              Defendant.

**CIVIL ACTION**

**COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff FIORDALIZA RODRIGUEZ (hereinafter, "Plaintiff"), a New York resident, brings this complaint by and through her attorneys, Joseph H. Mizrahi Law, P.C., against Defendant FINANCIAL RECOVERY SERVICES, INC. (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b((2).

## NATURE OF THE ACTION

3. Plaintiff brings this action on behalf of herself seeking redress for Defendant's action of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 *et seq*. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a collection agency with a principal place of business located in Edina, Minnesota.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. On or around February 6, 2017, Plaintiff received written correspondence from Defendant concerning an alleged debt.  **Exhibit A**.

12. On or around April 20, 2017, Plaintiff called Defendant to inquire about the alleged debt.

13. During that phone call, Plaintiff authorized her representative (hereinafter "Plaintiff"), to discuss the status of the debt with Defendant.

14. During that phone call, Plaintiff spoke to "Allison Horton," and indicated that she disagreed with the amount allegedly owed.

15. In response, Defendant indicated that the amount was likely higher due to accrued "interest and late fees."

16. When Plaintiff indicated that she wanted to dispute the debt over the phone, she was told to contact "Target's dispute line."

17. Defendant proceeded to provide Target's dispute line number ending in 8236, all along

failing to inform Plaintiff that she had a right to dispute the debt directly with Defendant.

18. When Plaintiff called back to clarify whether she was obligated to dispute directly with Target as opposed to Defendant, Ms. Horton confirmed that "if she is disputing the charges she *has to* [emphasis added] contact the Target dispute line."

19. Plaintiff became confused as to her rights and soon after ended the phone call.

20. As set forth in the following Counts Defendant violated the FDCPA.

### First Count
### 15 U.S.C. §1692e *et seq.*
### False or Misleading Representations as to the Status of the Debt

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to § 1692(e) by using false, deceptive, and misleading representations in connection with the collection of a debt.

23. Defendant violated said section by not accepting Plaintiff's dispute over the phone.

24. Defendant further violated same by falsely stating that Plaintiff can only dispute the debt with the Creditor directly.

25. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

26. Defendant could have taken the steps necessary to bring its actions within compliance of the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) A declaration that Defendant violated the FDCPA;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: /s/ Joseph H. Mizrahi
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
337 Avenue W, Suite 2F
Brooklyn, New York 11223
Phone: (917) 299-6612
Fax:    (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi*
Joseph H. Mizrahi, Esq.

Dated:   Brooklyn, New York
         May 8, 2017

4